NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| OFER RAPHAEL AMBALO,<br><br>             Plaintiff,<br><br>v.<br><br>6830 ROUTE 9 GROUP, LLC, et al.<br><br>             Defendants. | Civil Action No. 12-1173 (PGS)<br><br>**MEMORANDUM AND ORDER** |

**THE PLAINTIFF** brings this action to recover damages for, inter alia, breach of contract against defendants — 6830 Route 9 Group, LLC, Trop Manager, LLC, Keygate Investments, LLC, Alan Rubin, Israel "Izzy" Shur, Dov Trop, and Eliezer Schwebber. (Dkt. Entry no. 1, Compl.) The plaintiff alleges that plaintiff loaned defendant 6830 Route 9 Group, LLC, $460,000 pursuant to a loan agreement. The loan was allegedly guaranteed by the other defendants in the action. On June 5, 2012, subsequent to the filing of the Complaint in this action, defendant 6830 Route 9 Group (the "Debtor") filed a voluntary petition under Chapter 11 of the United States Bankruptcy Code with the United States Bankruptcy Court for the District of New Jersey commencing a Chapter 11 case. See In re 6830 Route 9 Group, LLC, No. 12-24532 (Bankr. D.N.J. 2012)(the "Bankruptcy Case"). The Debtor

included plaintiff as a holder of a general unsecured claim on Schedule F filed with the Petition in the amount of $515,200 based on plaintiff's allegations in the Complaint, and indicated on Schedule F that such claim is disputed.

**AN ACTION** is "related to" bankruptcy if "the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy". Pacor, Inc. v. Higgins, 743 F.2d 984, 994 (3d Cir. 1984) (emphasis omitted); see In re Combustion Eng'g, 391 F.3d 190, 226 (3d Cir. 2004).[1] To be "related to" bankruptcy, the action need not be against the debtor or the debtor's property. Pacor, Inc., 743 F.2d at 994. An "action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate". Id.; see also In re Combustion Eng'g, 391 F.3d at 226. Proceedings arising in or related to a case under title 11 may be referred to bankruptcy courts for the district in which the

---

[1] The "Supreme Court effectively has overruled Pacor with respect to its holding that the prohibition against review of a remand order in 28 U.S.C. § 1447(d) is not applicable in a bankruptcy case. See Things Remembered, Inc. v. Petrarca, 516 U.S. 124 . . . (1995). But Things Remembered does not disturb the authority of Pacor on the points for which we cite it. In fact, the Pacor test has been enormously influential as a cogent analytical framework relied upon by our sister circuits more than any other case in this area of the law." In re Resorts Int'l, 372 F.3d 154, 164 n.6 (3d Cir. 2004)(quotations and citation omitted).

action is pending.  See 28 U.S.C. § 157(a) (stating "district court may provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for that district".)

**THIS ACTION** is related to the Bankruptcy Case because an outcome here could affect the estate being administered, as the plaintiff alleges the debtor entered into a loan agreement with plaintiff prior to the filing of the bankruptcy petition.  Also, the Bankruptcy Case is being actively litigated.  See Docket, In re 6830 Route 9 Group, LLC, No. 12-24532(Bankr. D.N.J.)  Thus, the interests of justice and the convenience of the parties favor a transfer of venue, as the United States Bankruptcy Court for the District of New Jersey will be better positioned to determine how and to what extent the plaintiff's claims will affect (1) the bankruptcy estate, (2) the estate's efficient administration, and (3) asset distribution.  See 28 U.S.C. § 1412; Abrams, 2006 WL 2739642, at *9; Hohl, 279 B.R. at 178.

THE COURT intends to refer this action to the United States Bankruptcy Court, District of New Jersey, immediately.[2]

---

[2] The extent of the Bankruptcy Court's authority over this action depends on whether it is (1) a "core proceeding" or (2) a "non-core proceeding" otherwise related to a case under title 11.  28 U.S.C. § 157(b)(1)-(4); see 28 U.S.C. § 157(b)(1) (stating bankruptcy court may enter order or judgment in core proceeding); 28 U.S.C. § 157(c)(1) (stating bankruptcy court submits proposed findings of fact and conclusions of law to

ORDER

For the reasons set forth above,

IT IS on this 7th day of January, 2013, ORDERED that the action is REFERRED to the United States Bankruptcy Court, District of New Jersey, in re: 12-24532, styled In re: 6830 Route 9 Group, LLC; and

IT IS FURTHER ORDERED that the Clerk administratively terminate the action, without prejudice to the right of the parties to reopen the proceedings for good cause shown for the entry of any stipulation or order, or for any other purpose required to obtain a final determination of the litigation.

|  |  |
|---|---|
| January 7, 2013 | *s/Peter G. Sheridan* <br> PETER G. SHERIDAN, U.S.D.J. |

---

district court in non-core proceedings, and final order will be entered by district court after considering same); see also Mullarkey v. Tamboer (In re Mullarkey), 536 F.3d 215, 220-21 (3d Cir. 2008) (discussing bankruptcy court's authority).  The Bankruptcy Court will determine whether this action is a core proceeding or related-to proceeding.  See 28 U.S.C. § 157(b)(3); Certain Underwriters at Lloyd's of London v. Otlowski, No. 08-3998, 2009 WL 234957, at *2 (D.N.J. Jan. 29, 2009) (stating "Section 157(b)(3) calls for the bankruptcy judge to make the initial decision on whether a case is a core proceeding, and its language is not ambiguous"); E. W. Trade Partners v. Sobel WP (In re E. W. Trade Partners), No. 06-1812, 2007 WL 1213393, at *3-4 (D.N.J. Apr. 23, 2007) (same).